HAMITER, Justice
(concurring in part and dissenting in part).
Assuming (but not conceding) that initially plaintiff was entitled to and enjoyed the widow’s homestead privilege, I agree that it could affect no more than the undivided one-half interest in the seized real estate which Isaac Washington, Sr., owned when he died, the remainder having vested in the heirs of his first wife at the date of her death.
However, I do not agree that such privilege now affects the interest which Isaac Washington, Jr., purchased from his coheirs. As stated in the Louisiana Revised Civil Code “ * * * all final judgments affecting immovable property shall be recorded in the parish where the immovable property is situated.” Article 2265. “All * * * judgments affecting immovable property, which shall not be so recorded, shall be utterly null and void, except between the parties thereto. The recording may be made at any time, but shall only affect third persons from the time of the recording.” Article 2266. “Privileges are valid against third persons, from the date of the recording of the act or evidence of *502 indebtedness as provided by law.” Article 3273. At the time of the mentioned purchase (it occurred more than ninety days after the death of Isaac Washington, Sr.) there was nothing of record evidencing plaintiff’s claimed privilege or the indebtedness that it allegedly secured; and unquestionably Isaac Washington, Jr., who admittedly paid a good and sufficient consideration for his acquired interest, was a third person purchaser.
On Rehearing